## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      *Plaintiff,*

    v.                                      **Civ. No. 12-410**

$43,350.00 IN UNITED STATES CURRENCY,

      *Defendant,*

*and*

BYRON SEYMOUR,

      *Claimant.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

### JURISDICTION AND VENUE

1.     This is a civil action *in rem* for forfeiture of Defendant property which has been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.     The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.     Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4.     The "res" or property which is the subject of this action consists of Forty-Three Thousand Three Hundred Fifty ($43,350) in U.S. Currency (hereafter referred to as "Defendant Currency").

## PARTIES AND CLAIMANTS

5.     The following persons may claim an interest in Defendant Currency:

(a).     Byron Seymour at 1010 Schoolview Rd, Mansfield, MO 65706, whose

attorney(s) is Kennedy Law Firm, 1000 2nd Street, NW, Albuquerque, NM

87102.


## FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6.     On June 29, 2011, Drug Enforcement Administration (DEA) Agent Jarrell W.

Perry reviewed the Amtrak Train Passenger Name Record (PNR).  James Brown had purchased a

one-way travel from Kansas City, MO to Barstow, CA a day before departure.  The purchase was

made with a Master card in the name of Marlena G. Harrison.

7.     The DEA Agents met the westbound Amtrak Train at the Albuquerque train

station. The DEA Agents began conducting consensual encounters with the passengers that were

aboard the Amtrak Train.

8.     Agent Perry approached James Brown.  Agent Perry displayed his DEA badge and

identified himself as a police officer to Brown.  Agent Perry requested and received permission

from Brown to speak with him.  Agent Perry asked for Brown's ticket.  Brown handed his ticket

to Agent Perry.  Agent Perry asked where he was traveling to.  Brown responded, "I got on in

Jefferson City, Missouri." Agent Perry asked for Brown's identification.  Agent Perry reviewed

Brown's identification and handed it back to him.  Brown said he lived in Missouri and he

planned to stay in California for two or three days because a friend was getting married. Brown
planned to return via Amtrak train.

9.      Agent Perry asked Brown if he had luggage and if he could show Agent Perry
where it was located. Brown removed a medium sized bag from the overhead luggage
compartment. Agent Perry requested and received consent from Brown to search his luggage.
No contraband was found.

10.     Agent Perry observed Brown use his foot to push a small blue duffel type bag
underneath Brown's seat.   Agent Perry asked if Brown had any other luggage. Brown
responded, "That's it." Agent Perry pointed to a bag underneath Brown's seat and asked Brown
if it belonged to him. Brown leaned over and removed the blue bag from underneath his seat.
Agent Perry asked Brown if he could search the bag. Brown handed the blue bag to Agent Perry.
The blue bag was unzipped.

11.     Agent Perry observed a yellow plastic bag containing a large bundle of money
wrapped in various rubber-bands. Agent Perry asked Brown if the money belonged to him.
Brown responded "No sir." Based on training and experience, Agent Perry knew that a large
bundle of rubber -banded money is consistent with illegal drug trafficking.

12.     Agent Perry asked Brown to step downstairs to speak with him. Brown agreed.

13.     Agent Perry asked Brown how much money he had with him. Brown responded
"$200,000." Brown said he was asked to transport it and that it did not belong to him. Brown
said he believed it was $200,000 because it looks like it but, he was not told how much money
was inside the plastic bag. Brown said "Chris" asked Brown if he was traveling to California on
the train and if Brown would transport the money to "Stephen" in California. Brown had no

-3-

contact information for either Chris or Stephen.  Brown said that money had been wrapped up prior to his transportation of it.

      14.     Agent Perry asked Brown if he had been paid to transport the money.  Brown replied "No."

      15.     Brown said in 2000 he had been arrested for drug charges, involving marijuana.

      16.     Brown signed a voluntary disclaimer form, disclaiming the money.

      17.     The DEA Agents seized the currency, which totaled $43,350.

      18.     On June 30, 2011, New Mexico State Police (NMSP) Officer Arcenio Chavez deployed his trained and certified drug detection canine, "Marco" on the $43,350.  Marco alerted positively for the odor of illegal controlled substance on the $43,350.

## CLAIM FOR RELIEF

      19.     Defendant Currency is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

      20.     Defendant Currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(A) because the currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 or is property traceable to such property.

      21.     Defendant Currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM  87103-0607
(505) 346-7274

### 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: ___04-18-2012___

_____
Jarrell W. Perry, Special Agent
Drug Enforcement Administration

-6-