IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                              Civ. No. 12-410 JP/KBM

$43,350.00 IN UNITED STATES CURRENCY,

        Defendant,

And

BYRON SEYMOUR,

        Claimant.

## MEMORANDUM OPINION AND ORDER

Claimant Byron Seymour has failed to respond to the UNITED STATES' MOTION TO STRIKE CLAIMANT'S VERIFIED STATEMENT OF INTEREST AND ANSWER (Doc. No. 16) (Motion to Strike), filed January 18, 2013.  *See* UNITED STATES' NOTICE OF COMPLETION OF BRIEFING (Doc. No. 18), filed Feb. 14, 2013.  Under D.N.M. LR-Cv 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  Since Claimant has not responded to the Motion to Strike within the prescribed time, Claimant has essentially consented to granting the Motion to Strike.  Even if Claimant is not deemed to have consented to granting the Motion to Strike, a review of the merits of the Motion to Strike leads the Court to conclude that the Motion to Strike should, nonetheless, be granted.

*A. Background*

On April 19, 2012, Plaintiff United States of America (USA) filed a VERIFIED COMPLAINT FOR FORFEITURE *IN REM* (Doc. No. 1).  The USA alleges that on June 29, 2011, Drug Enforcement Agency (DEA) Agent Jarrell Perry boarded the westbound Amtrak train at the Albuquerque station to conduct consensual encounters with the passengers.  While on the train, Agent Perry spoke with James Brown, a passenger who had allegedly purchased a one-way train ticket from Kansas City, Missouri, to Barstow, California, the day before the train's departure.  According to the USA, the ticket purchase was made with a credit card in the name of Marlena G. Harrison.  Brown purportedly indicated to Agent Perry that he had boarded the train in Jefferson City, Missouri, and that he lives in Missouri.  The USA maintains that Brown further stated that he was traveling to California for two or three days to attend a friend's wedding and planned to return home via the Amtrak train.  At one point, Brown allegedly gave Agent Perry consent to search a medium-sized duffle bag, which did not contain any contraband.  The USA further contends that Agent Perry also saw Brown push a smaller bag under his seat with his foot.  The USA alleges that Brown denied having any luggage other than the medium-sized duffle bag which Agent Perry had searched.  The USA then asserts that Agent Perry pointed to the smaller bag under the seat and that Brown removed that bag.  The USA contends that Brown ultimately handed the smaller bag to Agent Perry for a search.  The USA also contends that Agent Perry found a large bundle of cash in the smaller bag which Brown denied owning.  When asked about the money, Brown allegedly stated that it looked like there was $200,000 and that he was asked by someone named "Chris" to transport the money to "Stephen" in California.  According to the USA, Brown stated that he had no contact information for Chris or Stephen.

The USA alleges that Brown further indicated that he had not been paid for transporting the money.

DEA Agents seized the bundle of cash which amounted to $43,350.00.  Brown signed a voluntary disclaimer form disclaiming ownership of the money.  The USA maintains that on June 30, 2011, a state police drug detection canine alerted positively for the odor of illegal controlled substances on the money.  The USA now seeks to forfeit the $43,350.00 under 21 U.S.C. § 881(a)(6), 18 U.S.C. § 981(a)(1)(C), and 18 U.S.C. § 981(a)(1)(A).

On May 31, 2012, Claimant filed a VERIFIED STATEMENT OF INTEREST (Doc. No. 5) (Statement of Interest) in which he claims ownership of the seized money.  Claimant explains that he earned the money by selling several personal possessions and that he had hired Brown "to travel out West and purchase two vehicles."  *Id*.  On June 21, 2012, Claimant filed a VERIFIED ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE IN REM (Doc. No. 7) (Answer).

Then, on July 9, 2012, the Honorable United States Chief Magistrate Judge Karen B. Molzen held a status conference.  Counsel for the USA advised Judge Molzen "that resolution could not be properly evaluated without obtaining discovery from Claimant regarding the factual basis of his claim of ownership to the currency."  JOINT STATUS REPORT (Doc. No. 15) at 1, filed Jan. 4, 2013.  Consequently, on July 18, 2012, the USA served on Claimant's attorney the USA's First Set of Special Interrogatories (special interrogatories) under Rule G(6)(a) and (b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, 28 U.S.C., Appendix E to Rules of Civil Procedure.  *See* CERTIFICATE OF SERVICE OF UNITED STATES' FIRST SET OF SPECIAL INTERROGATORIES TO CLAIMANT BYRON SEYMOUR-July 18, 2012 (Doc. No. 11), filed July 18, 2012.  Rule G(6)(a) states that the USA "may serve special interrogatories limited to the claimant's identity and relationship to

the defendant property without the court's leave at any time after the claim is filed and before discovery is closed." Rule G(6)(b) requires that "[a]nswers or objections to [special] interrogatories ... be served within 21 days after the interrogatories are served."

On January 4, 2013, the parties filed a JOINT STATUS REPORT in which the USA noted that Claimant had not answered the special interrogatories as required by Rule G(6)(b). Hence, the USA filed its Motion to Strike under Rule G(8)(c)(i)(A) asking that the Court strike the Statement of Interest and Answer. Rule G(8)(c)(i)(A) states: "At any time before trial, the government may move to strike a claim or answer for failing to comply with Rule G(5) or (6) …." Notably, the USA did not move under Rule G(8)(c)(ii)(B) to present the Motion to Strike "as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."

*B. Discussion*

The USA correctly notes that because Claimant did not support his claim of ownership with any evidence, Claimant's standing is a "threshold issue in this case." Motion to Strike at 3. The purpose of the USA's special interrogatories was to "to 'identify and insure that [the] claimant has standing to challenge a forfeiture by demonstrating a valid ownership interest in the seized property and protect again nominee claimants.'" *United States v. $34,900 in U.S. Currency*, 2012 WL 3202955 *1 (D. Utah) (slip copy) (quoting *United States v. $410,000 in U.S. Currency*, 2007 WL 4557647 *7 (D. N.J.)). Claimant's failure to answer the special interrogatories, therefore, hinders the determination of whether Claimant has standing.

In addition, the USA correctly asserts that it is appropriate under Rule G(8)(c)(i)(A) for the Court to strike Claimant's Statement of Interest and his Answer for failing to answer the

special interrogatories.  *See id*.  The Court will, therefore, grant the Motion to Strike on this basis.  The Court will not, however, proceed to decide if Claimant has standing. Rule G(8) "speaks only to the procedure to be used and does not affect whether there is standing." 12 The Late Charles Alan Wright et al., *Federal Practice and Procedure* § 3268 (2d ed., updated Dec. 2012) (citing to 2006 Committee Notes on Rules).  Had the USA wanted to address the standing issue at this time, it could have presented the Motion to Strike "as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."  *See* Rule G(8)(c)(ii)(B).  *See also* 12 The Late Charles Alan Wright et al., *Federal Practice and Procedure* § 3268 (Rule G(8)(c)(ii)(B) "further identifies three procedures for addressing claim standing.").  Since Rule G(8)(c)(i)(A), the provision under which the USA brings its Motion to Strike, does not address the substantive issue of standing and since the USA did not present the Motion to Strike as a dispositive motion under Rule G(8)(c)(ii)(B) to determine whether Claimant has carried his burden of demonstrating standing by a preponderance of the evidence, the Court will only strike the Statement of Interest and the Answer. *See $34,900 in U.S. Currency*, 2012 WL 3202955 at *1 (motion to strike brought under Rule G(8)(c)(i)(A) for failure to respond to special interrogatories resulted in the court striking the claim and answer).

     IT IS ORDERED that:

    1.  the UNITED STATES' MOTION TO STRIKE CLAIMANT'S VERIFIED STATEMENT OF INTEREST AND ANSWER (Doc. No. 16) is granted; and

    2.  Claimant's Statement of Interest and Answer are stricken.

                                                    _____
                                                  SENIOR UNITED STATES DISTRICT COURT JUDGE